IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRITTANY M.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-426**  (Fam. Ct. Upshur Cnty. Case No. FC-49-2024-D-17)

**BRYAN M.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brittany M.[1] ("Wife") appeals the Family Court of Upshur County's order on remand entered September 29, 2025, which dealt with the issues on remand from 25-ICA-13. Respondent Bryan M. ("Husband") filed a response in support of the family court's order with cross-assignments of error.[2] Wife filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married on June 4, 2011, and share one child born in 2015. Wife filed for divorce on January 23, 2024. Wife requested spousal support and attorney's fees in her divorce petition. The family court held the final divorce hearing over the course of several days, September 25-26, 2024, and October 1, 2024. The family court entered the final order on December 10, 2024.

Wife appealed the December 10, 2024, order (25-ICA-13) on January 9, 2025, alleging four assignments of error dealing with custody, equitable distribution, and attorney's fees. Husband responded with two cross assignments of error dealing with equitable distribution. On July 14, 2025, Family Court Judge Teresa Cogar Turner submitted a voluntary recusal letter to the Chief Justice of the Supreme Court of Appeals

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Wife is represented by Amy L. Lanham, Esq. Husband is self-represented.

of West Virginia ("SCAWV"). The Chief Justice filed an administrative order on July 16, 2025, which granted Judge Turner's request for voluntary recusal and assigned Judge Lori Haynes to preside over the case.

This Court filed the memorandum decision in 25-ICA-13 on August 29, 2025. *See Brittany M. v. Bryan M.*, No. 25-ICA-13, 2025 WL 2491200 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision). The decision affirmed Wife's assignments of error relating to child custody and vacated the family court's ruling on attorney's fees and remanded with directions to conduct an analysis pursuant to *Banker*.[3] The decision further vacated the court's ruling on equitable distribution, based on Husband's cross-assignment of error, and remanded with directions to consider all of Husband's financial disclosures in determining equitable distribution.

On September 29, 2025, Judge Turner entered an order on remand. The order addressed Wife's request for attorney's fees, the requisite *Banker* analysis, and again denied Wife's request for attorney's fees. The order further reviewed the equitable distribution issue as it related to determining the value of the home. The court reviewed the Husband's supplemental disclosure and recalculated equitable distribution according to *Collisi*[4] and ordered that after the application of credit, Husband shall pay Wife an equalizing payment of $39,512.[5]

Wife filed a motion to vacate the remand order on September 29, 2025, alleging that the order was improper as Judge Turner had voluntarily recused herself, a new judge was

---

[3] In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

Syl. Pt. 4, *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996).

[4] *Collisi v. Collisi*, 231 W. Va. 359, 365, 745 S.E.2d 250, 256 (2013) (Concluding that the value of the marital interest in separate property, for purpose of property division, is the difference between the value of the property at the time of the marriage and at the dissolution of the marriage.)

[5] The initial Decree of Divorce entered December 10, 2024, ordered an equalizing payment of $120,340.

2

assigned to the case, and the mandate from the Intermediate Court of Appeals ("ICA") had yet to be issued. This Court filed the mandate in 25-ICA-13 on September 30, 2025. Husband filed an answer to the motion to vacate order on October 1, 2025, stating that Judge Turner specifically signed the order on remand stating that she was "serving as judge only for the purpose of issuing this Order on Remand" and that Judge Turner was simply obeying the mandate of the ICA. Wife filed an amended motion to vacate order on remand on October 3, 2025, and Husband again filed an answer to the amended motion on October 7, 2025. At the time of the filing of this appeal, the family court had not entered an order on either of Wife's motions. It is from the September 29, 2025, order on remand that Wife now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife raises three assignments of error and Husband asserts three cross-assignments of error. These assignments of error will be reordered and consolidated to accord with our analysis. *See HD Media Co., LLC v. W. Va. Univ. Bd. of Governors*, 251 W. Va. 249, 254, 912 S.E.2d 12, 17 (2024) (reordering assignments of error); *see also Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling).

In Wife's first and third assignment of error, she asserts that the family court abused its discretion by issuing the order on remand, signed by a family court judge who had voluntarily recused herself from the case, and by entering the order prior to the issuance of the mandate. We agree. Upon the filing of an appeal, jurisdiction of the lower court is transferred to the appellate court, and the appellate court is given exclusive power and authority of the cause, action, or subject matter until the appellate proceeding is heard and determined and the mandate is returned and entered on the record. *See State ex rel. Chambers v. Cnty. Ct. of Mingo Cnty.*, 146 W. Va. 846, 850, 123 S.E.2d 241, 244 (1961).

Further, Rule 26 of the West Virginia Rules of Appellate Procedure states that an opinion or memorandum decision of the Court considering the merits of a case is not final

3

until the mandate has been issued and that the issuance of the mandate terminates jurisdiction in an action before the appellate court. Here, the family court entered the order on remand one day prior to the issuance of the mandate. Because jurisdiction remained with this Court at that time, the family court lacked jurisdiction to enter its order on September 29, 2025.

Moreover, the SCAWV has previously held that once a judge decides to recuse herself, she is precluded from making any further rulings in the case. *See State ex rel. Myers v. Painter*, 213 W. Va. 32, 40, 576 S.E.2d 277, 285 (2002); *see also Vilar v. Fenton*, 181 W. Va. 299, 301, 382 S.E.2d 352, 353 (1989), citing *Stern Bros., Inc. v. McClure*, 160 W. Va. 567, 575, 236 S.E.2d 222, 227 (1977). Here, Judge Turner voluntarily recused herself, pursuant to Rule 17.02 of the West Virginia Trial Court Rules,[6] one month prior to the filing of the memorandum decision in 25-ICA-13. A voluntarily recused judge is barred from further participation in the matter. *Id*. Therefore, we find the order entered September 29, 2025, after Judge Turner's voluntary recusal, is void and without effect.[7]

In Wife's second assignment of error, she argues that the family court abused its discretion by failing to vacate the order on remand for the above stated reasons. As mentioned previously, Wife filed two motions to vacate the order on remand. At the time that Wife filed her appeal, the family court had not entered an order on her motions to vacate. Orders that are not attached to the notice of appeal are not properly before this Court and will not be considered. *See Goff v. Smith*, No. 23-ICA-299, 2024 WL 4052866

---

[6] West Virginia Trial Court Rules—Rule 17.02. Voluntary Recusal by a Judge:

(a) In the absence of a disqualification motion being filed, if a judge voluntarily recuses himself or herself from a case pursuant to Canon 2, Rule 2.11 of the Code of Judicial Conduct, the judge shall enter an order reflecting the recusal. The order shall be served on all counsel of record and unrepresented parties. In a multi-judge circuit, the case shall then be reassigned in accordance with the practice of the circuit. For a single judge of circuit court, the procedures of TCR 17.06 shall be followed.

(b) If all judges in a multi-judge circuit are disqualified or recused, or the judge of a single family court circuit is disqualified or recused, the judge who is assigned to the case shall transmit a letter to the Chief Justice stating the reasons why the judge is disqualified and requesting the appointment of a special judge. The Chief Justice shall grant or refuse the request in accordance with the timeframe and procedures specified in TCR 17.01(c) or (d).

[7] Due to our decision that the family court's order is void, we decline to address Husband's cross-assignments of error.

(W. Va. Ct. App. Sept. 4, 2024) (memorandum decision); *see also Gilhuys v. Hardy County 911 Center*, No. 23-759, 2025 WL 1779845 (W. Va. June 27, 2025) (memorandum decision) (noting that the ICA properly excluded an order from consideration that was not in the petitioner's notice of appeal). Because an order addressing the motions to vacate is not part of the record on appeal in this matter, we decline to address this assignment of error.

For the foregoing reasons, we vacate the family court's September 29, 2025, order and remand this case to the family court, specifically to Judge Haynes, for further proceedings consistent with the decision rendered in 25-ICA-13.

Vacated and Remanded.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White